# United States Bankruptcy Court
## Eastern District of Pennsylvania

In re **Cynthia L. Caldwell**　　　　　　　　　　　　　Case No. **16-15341- jkf**
　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　Chapter **13**

## SECOND AMENDED CHAPTER 13 PLAN AND CERTIFICATE OF SERVICE

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$4,175.00 has been paid in over 6 months and pay $ 350.00** per month for **54** months.

   Total of plan payments: **$23,075.00**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
   (1) Trustee's Fee:　**Amount to be determined by the Office of the U. S. Trustee.**
   (2) Attorney's Fee (unpaid portion):　**4,000.00**
   (3) Filing Fee (unpaid portion):　**NONE**

   b. Priority Claims under 11 U.S.C. § 507

   (1) Domestic Support Obligations NONE

   (2) Other Priority Claims.

   | Name | Amount of Claim |
   |---|---|
   | **Internal Revenue Service** | **8,637.46** |
   | **PA Dept of Revenue** | **1,202.77** |

   c. Secured Claims SEE BELOW

   (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

   (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

   | Name | Proposed Amount of Allowed Secured Claim | Interest Rate (If specified) |
   |---|---|---|

(b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

d. Unsecured Claims Pro rata on timely filed allowed Unsecured claims.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured |
|---|---|
| **Ocwen Loan Sevicing Llc (Claim 10)** | **30.33** |
| **Ocwen Loan (Claim 16)** | **212.60** |

**6. The Debtor shall make regular payments directly to the following creditors:**

| Name | Amount of Claim |
|---|---|
| **Ocwen Loan Sevicing Llc** | **18,722.53** |
| **Ocwen Loan Sevicing Llc** | **64,028.73** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE.  Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **Chase Auto Finance No payments to be made on the secured claim** | **22,439.25** | **2015 Chrysler 200 S 15,000 miles Excellent** |
| **Ally Financial    No payments to be made on the secured claim.** | **32,565.76** | **2015 Dodge Journey** |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

Date **February 22, 2017**   Signature **/s/ David M. Offen**
                                       **David M. Offen**
                                       Debtor's Counsel

# CERTIFICATE OF SERVICE

**THE CHAPTER 13 TRUSTEE, SECURED AND PRIORITY CREDITORS ARE BEING SERVED A COPY OF THE SECOND AMENDED CHAPTER 13 PLAN.**

**/s/ David M. Offen**
**David M. Offen**
**601 Walnut Street**
**The Curtis Center Suite 160W**
**Philadelphia, PA 19106**
**215-625-9600**